**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

THOMAS CAFFREY,                                                            PLAINTIFF
#28725009

v.                                      4:17CV00471-JM-JTK

DOC HOLIDAY, et al.                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.     Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.    Introduction

Plaintiff Thomas Caffrey is an inmate incarcerated at the West Tennessee Detention Facility, who filed this filed this pro se action pursuant to 42 U.S.C. § 1983 while incarcerated at the Arkansas Department of Correction (ADC).   He alleged Defendants subjected him to cruel and unusual punishment which resulted in an injury while he was transported from the federal building to the Pulaski County Regional Detention Facility (Jail) on February 1, 2017. (Doc. No. 5)   Defendants Holiday, Brawley, and the Jail were dismissed on October 3, 2017 (Doc. No. 22).

This matter is before the Court on the Motion for Summary Judgment, Brief in Support and Statement of Facts filed by remaining Defendants Josh Conklin and Ray Cobb. (Doc. Nos. 23-25).[1]   When Plaintiff failed to respond, this Court issued an Order on May 11, 2017, directing him to respond within fifteen days of the date of the Order (Doc. No. 26).   The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action

---

[1]  Defendant Cobb originally was identified by Plaintiff as B. Cobbs, but clarified his correct name in his Answer (Doc. No. 17).

without prejudice, for failure to prosecute. (<u>Id</u>.)   The copy of the Order sent to Plaintiff at his last-known address was returned to the Court as undeliverable on May 23, 2018 (Doc. No. 27).   As of this date, Plaintiff has not responded to the Motion.

## II.   Amended Complaint

Plaintiff alleged that Defendants Cobb and Conklin were responsible for transporting him from the federal building to the Jail on February 1, 2017 (Doc. No. 5, p. 4).   Defendants were not able to open the passenger side door to the transport van, and were directed by their supervisor to use the back door to load the inmates. (<u>Id</u>.) Although the back door was obstructed, Defendants ordered Plaintiff to climb into the van while shackled and handcuffed, causing severe injury to his back and shoulder. (<u>Id</u>.) Plaintiff alleged Defendants' actions violated proper vehicle entry/exit protocol, and he requested damages for physical pain and suffering. (<u>Id</u>., pp. 5-6)

## III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.   See <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" <u>Webb v. Lawrence County</u>, 144 F.3d 1131, 1134 (8th Cir. 1998), (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" <u>Id</u>. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary

judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...."   Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.    Official Capacity Liability

The Court agrees with Defendants that Plaintiff fails to provide evidence to support his monetary claims against them in their official capacities. A suit against a county official in his official capacity is the equivalent of a suit against the county itself.   <u>Liebe v. Norton</u>, 157 F.3d 574, 578-9 (8th Cir. 1998).   In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.   <u>Jane Doe A v. Special School District of St. Louis County</u>, 901 F.2d 642, 646 (8th Cir. 1990).   In this case, Plaintiff has not provided proof of an unconstitutional county policy or prevalent practice which resulted in a violation of his rights.    In fact, he appears to allege that Defendants' actions violated a policy, as he claimed that their actions violated proper vehicle entry/exit protocol. (Doc. No. 5, p. 5-6)

### B.    Individual Capacity Liability

The Court also agrees that Defendants are protected from liability in their individual capacities by qualified immunity, which protects officials who act in an objectively reasonable

manner.   It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).   Qualified immunity is a question of law, not a question of fact.   McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).   Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.   Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2]   Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.   Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to the Affidavit of Robin Ballard, the Legal/Administrative Sergeant at the Jail, Plaintiff was incarcerated at the ADC pursuant to a 2008 conviction, and a Writ directed that he be delivered to the United States Marshal on February 1, 2015. (Doc. No. 24-1, pp. 1-2) Plaintiff was booked into the Jail on January 31, 2017, and released back to the ADC on February 2, 2017.

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."   Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

(Id., p. 2)    During his intake screening at the Jail he stated he dislocated his shoulder at the ADC on January 30, 2017, and wore a sling for shoulder stabilization. (Id.)    Nancy Brawley, Administrative Sergeant and Grievance Officer at the Jail stated in an Affidavit that Plaintiff filed a grievance stating he was injured during his transportation from the federal courthouse to the Jail. (Doc. No. 24-3, pp1-2)    Specifically, Plaintiff claimed that the Defendants did not have the correct keys to unlock the side doors of the transport van and were directed by their supervisor to enter the van through the rear doors by climbing over the back seat. (Id., p. 2) Defendants knew Plaintiff had an injured shoulder, yet directed him to climb into the van, where he fell on his shoulder, aggravating his injury and causing pain in his back. (Id.)    Brawley also stated that according to a memo Cobb wrote on February 16, 2017, Defendants Cobb and Conklin went to the federal courthouse on February 1, 2017, to transport Caffrey and another inmate back to the Jail. (Id.) Defendants did not have the correct key to unlock the van's door, and could not obtain a replacement key due to a manpower shortage at the Jail. (Id.) When Defendants contacted their supervisor they were told to enter the van through the rear. (Id.) Defendants then removed one handcuff from each inmate so they could enter the van over the rear seat, Caffrey did not have trouble entering the van, despite his injured shoulder. (Id., pp. 2-3) Once in the van, the inmates' seatbelts were secured and they were returned to the Jail, where a key was located and the inmates exited the van through the passenger door. (Id., p. 3)    (See also the memo, Doc. No. 24-2, pp. 20-21)

Defendants also present a copy of Jail Branch Directive D04-0001, which governs transportation of offenders for court appearances, and which requires that inmates who are transported must be physically restrained. (Doc. No. 24-1, p. 12)

In light of Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants (Doc. No. 27) are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3).  "A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. ... The defendant's conduct must objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'" Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337, 342 (1981) (other citations omitted). "The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner ... [and] [t]o establish deliberate indifference, the plaintiff must show the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." Revels, 382 F.3d at 875 (other citations omitted).

Based on the evidence presented by Defendants and the lack of response from Plaintiff, the Court finds that at the most, Defendants were negligent in their actions requiring Plaintiff to crawl over the back seat in order to enter the van.   However, there is no evidence that their actions were motivated by a deliberate indifference to his safety, as shown by their willingness to remove one of Plaintiff's handcuffs to enable him to climb over the seat. In addition, Defendants consulted with their supervisor and followed his directives before directing Plaintiff to enter the van.. Therefore, absent any other evidence to show that they acted with a deliberate disregard for Plaintiff's safety, the Court finds that Defendants acted reasonably under the circumstances.   No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

**IV.     Conclusion**

7

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 23) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 30th day of May, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE